IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGIA D. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-00088-CB-N |
| | ) | |
| VICTORIA'S SECRET STORES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Defendant's motion for sanctions (doc. 34), as supplemented (doc. 48), was referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the motion, the parties' respective arguments at the hearing conducted on December 6, 2012 (doc. 43), and the record as a whole, it is the recommendation of the undersigned that the motion for sanctions be **denied**.

Defendant predicates its motion for sanctions on the fact that the Court granted several extensions of time to the plaintiff to, *inter alia,* perfect service of process (docs. 23 and 33), instead of granting defendant's two separate motions to dismiss (docs. 7 and 31) for failure to perfect service of process and comply with the Court's orders. In addition, defendant seeks only the imposition of sanctions which will "either enforce compliance with [the Court's] November 5, 2012 Order or alternatively dismiss this action." (Doc. 34 at ¶ 12). The defendant has, however, now received all the service to which it is entitled and discovery is now closed. (*See* Docs. 42 and 46). Defendant does

not contend that it has been prejudiced by plaintiff's failure to provide it with any particular item of discovery.

Although defendant now complains that plaintiff has improperly sought to take three unauthorized depositions following the close of discovery (doc. 48), those depositions have now been quashed by separate order entered this day by the undersigned.  The fact that defendant was required to file a motion to have those depositions quashed does not constitute grounds to dismiss this action and defendant has not requested sanctions in the form of attorney's fees associated with either its previous motion for sanctions (doc. 34) or its motion to quash (doc. 48).

Consequently, the undersigned concludes that defendant is not entitled to the sanctions it seeks and thus recommends that defendant's motion for sanctions (doc. 34, as supplemented by doc. 48) be denied.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this  8th  day of January, 2013.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.    *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. §636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. §636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. §1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

   **DONE** this   8th   day of January, 2013.

                    /s/ Katherine P. Nelson
                    **UNITED STATES MAGISTRATE JUDGE**

---

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).